UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| MILTON BAMBURG AND GETTIE SUE GOSS BAMBURG<br><br>VERSUS<br><br>AXIS ONSHORE LP, TDE SUBSIDIARY GP LLC, TRIDIMENSION ENERGY LP, TDE OPERATING GP LLC, STANLEY COOPER and JAMES RYAN | CIVIL ACTION NO.<br><br>SECTION<br><br>MAGISTRATE |

**COMPLAINT FOR RESCISSION OF SALE OF SECURITIES, RETURN OF PURCHASE PRICE, DAMAGES AND ATTORNEYS' FEES**

The Complaint for Rescission of Sale of Securities, Return of Purchase Price, Damages and Attorneys' Fees of Milton and Gettie Sue Goss Bamburg respectfully shows:

1.

Plaintiffs, Milton and Gettie Sue Goss Bamburg ("the Bamburgs"), are persons of the full age of majority, residing in the Parish of Ouachita, State of Louisiana.

2.

Defendant Axis Onshore LP ("Axis Onshore") is a limited partnership organized under the laws of the State of Texas and doing business in Louisiana.

3.

Defendant TDE Subsidiary GP LLC ("TDE Subsidiary GP") is a limited liability company organized under the laws of the State of Delaware and doing business in the State of Louisiana.

4.

Defendant Tridimension Energy LP ("Tridimension Energy") is a limited partnership organized under the laws of the State of Delaware and doing business in the State of Louisiana.

5.

Defendant TDE Operating GP LLC ("TDE Operating GP") is a limited liability company organized under the laws of the State of Delaware and doing business in the State of Louisiana.

6.

Defendant Stanley Cooper ("Cooper") is a person of the full age of majority, domiciled and residing in the State of Louisiana.

7.

Defendant James Ryan ("Ryan") is a person of the full age of majority, domiciled and residing in the State of Texas.

8.

Defendants are liable to the Bamburgs for violations of the Securities Act of 1933, 15 U.S.C. § 77a *et seq*; the Securities and Exchange Act of 1934, 15 U.S.C. § 78a *et seq*; the Louisiana Securities Law, La. R.S. 51:701 *et seq*; and intentional and negligent misrepresentation under Louisiana state law.

9.

Jurisdiction is proper under 28 U.S.C. § 1331, as this is an action arising under the laws of the United States, namely, the Federal Securities laws. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of the property at issue is situated in this District.

**Facts Common to All Counts**

10.

The Bamburgs purchased a working interest in two oil and gas leases. One lease is located in Concordia Parish, Louisiana. The other is located in Adams County, Mississippi. The Bamburgs bought the interests from Axis Onshore. The Bamburgs paid approximately $171,000.00 for a 12 ½% interest in the Concordia Parish lease and approximately $231,000.00 for a 25% interest in the Adams County lease.

11.

The sale of the oil and gas interests was solicited by defendants Cooper and Ryan. Cooper and Ryan are agents of Axis Onshore, the operator of the oil and gas leases. TDE Subsidiary GP is the general partner of Axis Onshore. Tridimension Energy is the limited partner. TDE Operating GP is the general partier of Tridimension Energy. A chart showing this interlocking organizational structure is attached as Exhibit "A."

12.

TDE Subsidiary, a general partner of Axis Onshore, had the right to direct and control the activities of Axis Onshore, including the solicitations, representations, and omissions at issue in

this lawsuit. TDE Subsidiary did actively exercise such control with respect to the acts and omissions complained of.

13.

Tridimension Energy, through its ownership and control of Axis Onshore, also had the right to direct and control the activities of Axis Onshore, including the solicitations, representations, and omissions at issue in this lawsuit. Tridimension Energy did actually exercise control with respect to the acts and omissions complained of.

14.

TDE Operating GP, as general partner of Tridimension Energy, had the right to direct and control the activities of Axis Onshore, including the solicitations, representations, and omissions at issue in this lawsuit. TDE Operating GP did exercise such control with respect to the acts and omissions complained of.

15.

Defendants TDE Subsidiary, Tridimension Energy, TDE Operating GP, are "controlling persons" of Axis Onshore within the meaning of the federal and state securities laws. TDE Subsidiary, Tridimension Energy, and TDE Operating GP had the right to and did exercise control over the securities offerings upon which this suit is based.

16.

Defendants Cooper and Ryan had direct communications with the Bamburgs for the purpose of soliciting them to purchase the interest in the Concordia Parish and Adams County oil and gas leases. In all such communications, defendants Cooper and Ryan were acting on behalf of Axis Onshore.

17.

The oil and gas working interests purchased by the Bamburgs constitute securities under the federal and state securities laws. Axis Onshore, Cooper and Ryan constitute sellers under the federal and state securities laws.

18.

The securities purchased by the Bamburgs were not registered with the Securities Exchange Commission, and the solicitation and sales of these securities did not satisfy any of the exemptions from registration provided for by the Securities Act of 1933.

19.

In inducing the Bamburgs to purchase the securities, defendants Axis Onshore, Cooper, and Ryan, failed to disclose all the material facts surrounding the purchases. Plaintiffs, Milton and Gettie Sue Goss Bamburg, relied on the representations and omissions of defendants Axis Onshore, Cooper, and Ryan, in deciding to purchase the interests in the Concordia Parish and Adams County leases.

**Count I: Violation of the Securities Act of 1933**

20.

The securities purchased by the Bamburgs were not registered with the Securities Exchange Commission, and the solicitation and sale of the securities did not satisfy any exemption to the Securities Act of 1933. Further, the disclosures which accompanied the solicitation and sale did not satisfy the Act.

21.

These violations of the Securities Act of 1933 entitle the Bamburgs to all appropriate relief, including but not limited to return of the purchase price, damages, and attorney's fees.

### Count II: Violation of the Securities and Exchange Act of 1934

22.

In soliciting the purchase of the securities by the Bamburgs, defendants Axis Onshore, Cooper, and Ryan, failed to accurately and completely disclose all material facts. This failure to adequately disclose all material facts was made with *scienter*. Defendants Axis Onshore, Cooper, and Ryan, are thus liable for violations of Section 10b-5 of the Securities and Exchange Act of 1934, 15 U.S.C. 78a *et seq.*

23.

The Bamburgs are entitled to all appropriate damages, including but not limited to return of the purchase price, consequential damages, attorneys' fees, and interest as provided by law.

### Count III: Violation of the Louisiana Securities Law

24.

The acts and omissions complained of in Paragraphs 1 – 23 constitute violations of the Louisiana Securities Law, La. R.S. 51:701 *et seq.* The Bamburgs are entitled to all appropriate damages, including return of the purchase price, consequential damages, attorney's fees, interest, and any other relief appropriate under the circumstances.

### Count IV: Negligent and Intentional Misrepresentation

25.

The acts and omissions complained of in Paragraphs 1 – 23 constitute negligent and intentional misrepresentation in violation of Louisiana state law. The Bamburgs are thus entitled to all appropriate damages, including but not limited to return of the purchase price, consequential damages, interest and attorneys' fees.

## Count V: Controlling Party Liability

26.

Defendants TDE Subsidiary GP, Tridimension Energy LP, and TDE Operating GP are "controlling persons" under the federal and state securities laws. Accordingly, defendants TDE Subsidiary GP, Tridimension Energy, and TDE Operating GP are liable for Counts I – III.

WHEREFORE, plaintiffs, Milton and Gettie Sue Goss Bamburg, respectfully pray that after due proceedings are had there be judgment in their favor and against defendants, Axis Onshore LP, TDE Subsidiary GP LLC, Tridimension Energy, LP, TDE Operating GP LLC, Stanley Cooper, and James Ryan, for the following: 1) return of the $400,000.00 purchase price of the Concordia Parish and Adams County oil and gas leases; 2) rescission of the sale of the working interest in the Concordia Parish and Adams County gas leases; 3) consequential damages; 4) attorneys' fees as provided by law; 5) interest as provided by law; and 6) all appropriate relief.

Respectfully submitted,

*/s/ Donald L. Kneipp*

DONALD L. KNEIPP (#7742)
P.O. Drawer 2808
Monroe, LA  71207-2808
Telephone: (318) 388-4440
*Attorney for Plaintiffs, Milton and Gettie Sue Goss Bamburg*

**PLEASE PREPARE SERVICE AND SUMMONS:**
AXIS ONSHORE LP

TDE SUBSIDIARY GP LLC

TRIDIMENSION ENERGY LP,

TDE OPERATING GP LLC

STANLEY COOPER

JAMES RYAN